UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: BEARINGS CASES | 2:12-cv-00500-MOB-MKM |
| This Document Relates to:<br><br>ALL BEARINGS CASES | |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, pursuant to Federal Rule of Evidence 201, Direct Purchaser Plaintiffs, Dealership Plaintiffs, and End Payor Plaintiffs (collectively "Plaintiffs") request this Court take Judicial Notice of the European Commission press release, attached as Exhibit A to the declaration of Brendan H. Frey ("Frey Decl."), and that the European Commission made the statements set forth in that document.

Plaintiffs also request this Court take Judicial Notice of the statements, set forth below, of Defendant AB-SKF ("SKF") in its March 19, 2014 press release. (Frey Decl, Ex. B).

### Request for Judicial Notice

Exhibit A: a true and correct copy of a press release issued by the European Commission on March 19, 2014. The European Commission press release is publicly available at the following uniform resource locator: http://europa.eu/rapid/press-release_IP-14-280_en.htm. The site where this press release is available states that it contains all the press releases of the European Commission and that it is run by the Communication department of the European Commission. http://europa.eu/rapid/about.htm.

121222

The press release discusses the results of the European Commission's investigation into a cartel in the manufacturing sector for automotive bearings. "The European Commission has found that two European companies (SKF and Schaeffler) and four Japanese companies (JTEKT, NSK, NFC [Nachi-Fujikoshi Corporation] and NTN with its French subsidiary NTN-SNR) operated a cartel in the market for automotive bearings. The Commission has imposed fines totaling € 953,306,000." (Ex. A, *European Commission Press Release*). The press release also states that "Japanese company JTEKT was not fined as it benefited from immunity under the Commission's 2006 Leniency Notice Commission for revealing the existence of the cartel to the Commission." The release explains that "JTEKT received full immunity for revealing the existence of the cartel and thereby avoided a fine of € 86 037 000 for its participation in the infringement."

Furthermore, the European Commission found that the "companies colluded to secretly coordinate their pricing strategy vis-à-vis automotive customers . . ." All of the companies agreed to settle the case with the Commission and the "fines imposed on all the companies [were reduced] by 10% as they acknowledged their participation in the cartel and their liability….".. (Frey Decl., Ex. A, *European Commission Press Release*).

Exhibit B: a true and correct copy of a press release issued by Defendant AB-SKF ("SKF") on March 19, 2014. The SKF press release is publicly available at the following uniform resource locator: http://www.skf.com/group/investors/press-releases/skf-reaches-settlement-european-commission. This website, as well as its content is owned and operated by SKF. http://www.skf.com/group/footer/site-ownership.html.

The press release announces the € 315,109,000 settlement reached between SKF and the European Commission, "regarding supply of bearings to the European automotive manufacturing industry." (Frey Decl., Ex. B, *SKF Press Release*). The release states that the

2

121222

"decision of the European Commission covers violations of European competition rules with respect to sales of bearings to the automotive manufacturing industry in Europe." The press release quotes Tom Johnstone, SKF President and CEO. Johnstone stated, "…I deeply regret that this has happened…." and that "this conduct is in clear violation of our values and the SKF code of conduct." Johnstone acknowledged SKF's participation in the price-fixing cartel, and stated "What happened was unacceptable and should never happen again."

## Argument

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and "either (1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The attached documents meet this standard.

Public documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See, e.g., United States ex re. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

The press release attached as Exhibit A was released publicly by the European Commission on March 19, 2014. Judicial notice is properly granted for foreign government documents and information in pages on foreign government websites. *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1, fn. 1 (N.D. Cal. November 15, 2013). Judicial notice of Exhibit A and the facts in it is proper because the document is now public and is capable of being accurately and readily determined, and the European Commission is a reliable source. *See In re Microsoft*, No. C 06-80038 JF (PVT), 2006 WL 825250 (N.D. Cal. March 29,

3

121222

2006) ("As a matter of comity, this court presumes the neutrality of both the DG-Competition and the European Commission."). The accuracy of the source and of the document cannot reasonably be questioned.

As Justice Ginsburg explained in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 250 (2004):

> 'The European Commission is the executive and administrative organ of the European Communities.' Brief for Commission of European Communities as *Amicus Curiae* 1 (hereinafter European Commission *Amicus Curiae*). The Commission exercises responsibility over the wide range of subject areas covered by the European Union treaty; those areas include the treaty provisions, and regulations thereunder, governing competition. See *ibid.;* Consolidated Versions of Treaty on European Union and Treaty Establishing European Community, Arts. 81 and 82, 2002 O.J. (C 325) 33, 64–65, 67 (hereinafter EC Treaty).

"A court may take judicial notice . . . [of] undisputed information on a private entity's website." *Jommi, supra* at *1, fn 1 (citations omitted). SKF's admission on its website that it took part in the bearings price-fixing cartel is undisputed.

For the purpose of deciding Defendants' motions to dismiss, the European Commission press release and the above statements in the SKF press release are properly considered in determining the plausibility of the allegations in Plaintiffs' complaints. *See Scarso v. Cuyahoga Cnty. Dep't of Human Servs.*, 1990 WL 169645, at *2 (6th Cir. Nov. 2, 1990) ("In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public records . . . ."); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss them.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), and citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

121222

## CONCLUSION

For the reasons set forth herein, the Court may judicially notice Exhibit A and the statements therein, as well as the quoted statements in Exhibit B, and Plaintiffs ask that these be considered as part of the record in opposition to Defendants' pending motions to dismiss in the Bearings cases.

Respectfully submitted,

By: /s/Gerard V. Mantese
Gerard V. Mantese (Michigan Bar No. P34424)
Brendan H. Frey (Michigan Bar No. P70893)
MANTESE HONIGMAN ROSSMAN
    AND WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
bfrey@manteselaw.com

Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
Joel@cuneolaw.com
Danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

Don Barrett
Brian Herrington

121222

                                      David McMullan, Jr.
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Attorneys for Auto Dealer Plaintiffs*

Dated: May 23, 2014


By: /s/ *Joanna W. LiCalsi*

Joseph W. Cotchett
Frank C. Damrell
Steven N. Williams
Adam J. Zapala
Joanna W. LiCalsi
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
jlicalsi@cpmlegal.com

*Attorneys for End-Payor Plaintiffs*

Dated: May 23, 2014


Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

6

121222

Telephone: (215) 238-1700
Facsimile: (215) 238-1968
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com
msmith@preti.com


Steven A. Kanner
William H. London
Michael L. Silverman
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
blondon@fklmlaw.com
msilverman@fklmlaw.com

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
  & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496 6611
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com

7

121222

jspector@srkw-law.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Dated: May 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

/s/Jennifer L. Brennan
Jennifer L. Brennan
Mantese Honigman Rossman
and Williamson, P.C.
1361 E. Big Beaver Rd.
Troy, Michigan 48083
Telephone: (248) 457-9200
jbrennan@manteselaw.com

8

121222